*In re* A.A. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Mark Arnold, Respondent-Appellant).

Fourth District   No. 4—00—0247

Opinion filed August 25, 2000.

Daniel B. Kennedy, of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Respondent, Mark Arnold, appeals from an order entered at a permanency review hearing suspending his visitation with his children

until such time as he engages in the counseling the court previously ordered. He contends the suspension order was impermissible because it did not set a specified period of time for the suspension and, further, made no finding continued visitation would endanger the physical and emotional well-being of his children. We affirm.

On April 24, 1997, the State filed a petition for adjudication of wardship as to respondent's children, M.A. (hereinafter referred to as Ma. A.), born April 3, 1985, M.A., born August 5, 1987, and A.A., born January 5, 1990, in the circuit court of Champaign County alleging the children were neglected pursuant to section 2—3(1)(a) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—3(1)(a) (West 1996)) because their mother, Tina Shankles, was not providing the education for them as required by law. On June 12, an amended petition was filed also naming respondent as not providing the minors' required education.

At the adjudicatory hearing on July 31, Shankles stipulated to the petition and respondent waived his adjudicatory hearing. The court held a dispositional hearing on September 2. The court adjudged the minors neglected and made them wards of the court under the guardianship of the Illinois Department of Children and Family Services (DCFS), with custody to remain with their mother. Both parents, divorced and no longer living together, were ordered to cooperate with DCFS. The court entered a written dispositional order to this effect on September 22. The court ordered respondent to establish and maintain regular visitation with the minors, obtain psychological and alcohol/drug evaluations, and successfully complete any course of counseling and treatment recommended as the result of these evaluations.

The court directed its orders remain in full force and effect after a permanency review hearing on December 2, 1997. No further review was held until January 7, 1999, when custody of the minors was removed from Shankles and placed with DCFS. At that time, the court ordered respondent to attend and successfully complete a course of individual counseling and joint counseling with any or all of the minors as recommended; undertake and complete a course of parenting education and instruction; refrain from criticizing Shankles and any teachers, principals, or school administrators in the presence of the minors; cooperate fully in securing the regular attendance of Ma. A. at school and counseling; immediately advise DCFS of any difficulties in transportation that prevented his attendance at counseling or parenting classes or for the children at school; and truthfully complete a psychological evaluation for which DCFS referred him and successfully complete any course of counseling, education, or treatment recommended by the evaluation.

At the permanency review hearings held March 1, April 26, June 28, and December 20, 1999, the court found respondent had made little or no progress toward the goals set out in the dispositional order and continued all prior orders. At the permanency review hearing on September 2, the trial court told respondent he was always making excuses for failing to comply and this was to the detriment of his children.

Reports by caseworkers prepared for the permanency review hearing of December 20 indicated respondent was not actively addressing family issues and was only concerned with being a parent when it was convenient for him. He did not converse with the social services caseworker assigned to the case, did not attend services provided for him, and did not interact with all three children at their visits but usually only interacted with the oldest, Ma. A. The trial court continued all prior orders.

At the permanency review hearing held on March 2, 2000, the reports showed respondent was not attending counseling and not maintaining contact with DCFS. The caseworker was unable to provide a current residence and place of employment for respondent due to his failure to communicate with her. He continued to attend supervised visitation, although he previously balked at spending the first 20 minutes of his two-hour visitation doing homework with the children. At one point, respondent told the caseworker he saw no need for counseling and did not wish to participate in it or maintain contact with her.

Respondent testified he previously attended counseling and would do so again if he had transportation. He complained about having six different caseworkers during the course of this case and said he did not contact the current workers because they always ended up in a debate. Under questioning by the trial court, respondent admitted he last attended counseling in June or July 1999 and could not give a reason for failing to attend since.

The court stated the minors needed stability and it would tolerate no further delays in parental assumption of responsibility. The court found respondent refused to participate in any services and ordered all prior orders as to him remain in full force and effect subject to one modification: the court ordered respondent's visitation "suspended until he engages regularly in a course of counseling." This appeal followed.

■ Respondent first argues section 2—25 of the Act (705 ILCS 405/2—25 (West 1998)), providing for orders of protection, is the only vehicle by which the trial court could have suspended his visitation until he obtained the previously ordered counseling. Section 2—25(1) provides:

"The court may make an order of protection in assistance of or as a condition of any other order authorized by this Act. The order of protection shall be based on the health, safety[,] and best interests of the minor and may set forth reasonable conditions of behavior to be observed for a specified period." 705 ILCS 405/2—25(1) (West 1998).

Respondent notes the trial court did not order his visitation suspended for a specified period of time, nor did the trial court find respondent's behavior endangered the physical and emotional well-being of the minors. Respondent contends the order should be reversed based on noncompliance with section 2—25.

■ The State suggests permanency review hearings are simply further dispositional hearings and dispositional orders expressly include "visiting orders." 705 ILCS 405/2—23(3)(iii) (West 1998). In support of its argument, the State cites *In re S.M.*, 223 Ill. App. 3d 543, 585 N.E.2d 641 (1992), as stating permanency review hearings are merely further dispositional hearings. *S.M.* dealt with a petition filed under section 2—28(3) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 802—28(3) (now 705 ILCS 405/2—28(4) (West 1998))) seeking a *change* in custody of a child subject to the Act as to whom a dispositional hearing had already been held. A proceeding pursuant to a section 2—28(3) petition was found to be a further dispositional hearing. We conclude permanency review hearings are meant to do as the name implies, review the status of the previously entered dispositional orders and set a permanency goal. 705 ILCS 405/2—28(2) (West 1998). At a permanency review hearing, the court is essentially asking how well the previous disposition worked. If it is not working, the court has the power to make a change.

The State argues the trial court was merely modifying an order of visitation and cites several cases in which courts modified or curtailed visitation due to changed circumstances since the original visitation order was entered, which orders were reviewed under an abuse of discretion standard rather than for whether the orders complied with section 2—25. *In re D.S.*, 307 Ill. App. 3d 362, 366, 717 N.E.2d 497, 500 (1999); *In re Beatriz S.*, 267 Ill. App. 3d 496, 500, 641 N.E.2d 953, 956 (1994); *In re Ashley K.*, 212 Ill. App. 3d 849, 890, 571 N.E.2d 905, 930 (1991).

■ Visitation modifications may be made where circumstances warrant without resorting to the requirements of section 2—25. *D.S.*, 307 Ill. App. 3d at 366, 717 N.E.2d at 500. The loss of visitation rights is essentially "the stick" the court is holding over respondent's head to get compliance with another of its orders: counseling.

Ample evidence supports the trial court's position. Respondent's

failure to get the counseling he has been ordered to obtain while continuing to maintain a close relationship with the minors through his regular visits has contributed to the children's false hopes that their family will be reunited in the near future. Such false hopes are certainly not in the best interests of the children. The father's recalcitrance may make it impossible for him to be reunited with the children.

Respondent's reported attitude of disinterest in obtaining the needed counseling, and his obvious failure to do so, is a justifiable basis for the suspension of visitation.

The order of the trial court suspending respondent's visitation rights until he has obtained counseling is affirmed.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.